Todd J. Krakower, Esq.
KRAKOWER DICHIARA LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: (201) 746-6333
Fax: (347) 765-1600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRAN ARMENIO,<br><br>Plaintiff,<br><br>-against-<br><br>UBS FINANCIAL SERVICES INC.,<br><br>Defendant. | **SECOND AMENDED COMPLAINT**<br><br>Civil Action No. 14-cv-3125<br><br>**July Trial Demanded** |

Plaintiff FRAN ARMENIO ("Plaintiff"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant UBS FINANCIAL SERVICES INC. ("UBS") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1, *et seq.* ("NJWPL") the New Jersey Wage and Hour Law N.J.S.A. §§ 34:11-56a, *et seq.* ("NJWHL"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"),

2. Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWPL, NJWHL, and NJLAD claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PARTIES

**Defendant**

**UBS Financial Services Inc.**

7. Defendant UBS is a foreign corporation doing business in the state of New Jersey offering wealth management, investment banking, and asset management services located at 1000 Harbor Boulevard, Weehawken, New Jersey in Hudson County.

8. Defendant UBS has designated the following address for service of process: Corporation Service Company, 830 Bear Tavern Road, Ewing, New Jersey 08628.

9. Defendant UBS regularly conducts business in the state of New Jersey, and has employees who work in the state of New Jersey.

10. Upon information and belief, at all times relevant to this Complaint, UBS's annual gross volume of sales made or business done was not less than $500,000.00.

11. At all times relevant to this Complaint, UBS was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1, *et seq.*, and the New Jersey Wage and Hour Law N.J.S.A. §§ 34:11-56a, *et seq*.

12. At all times relevant to this Complaint, Defendant UBS was and is an "employer" as defined by NJLAD N.J.S.A. 10:5-5(e).

**Plaintiff**

13. Plaintiff is an adult individual who resides in Hawthorne, New Jersey in Bergen County.

14. At all times relevant to this Complaint, Plaintiff had a disability as that term is defined by the NJLAD, N.J.S.A. 10:5-5(q).

15. Plaintiff was employed by Defendant UBS from 1999 until on or about November 12, 2014.

16. Plaintiff's most recent position for Defendant was as a member of the Trade Settlement department.

17. At all times relevant to this Complaint, Plaintiff was an "employee" as defined by NJLAD, N.J.S.A. 10:5-1 *et seq*.

### Factual Allegations

18. Defendant committed the following acts knowingly, intentionally, and willfully.

19. Plaintiff began working for Defendant UBS in 1999 and her most recent position for Defendant was as a member of the Trade Settlement Department.

20. Plaintiff was terminated on or about November 12, 2014.

21. Plaintiff was unlawfully terminated.

3

**Violations of the FLSA, NJWPL, and NJWHL**

22. Plaintiff works in a non overtime-exempt position.

23. Between February 2013 and November 2013, Plaintiff worked in excess of forty (40) hours per week.

24. Defendant required Plaintiff to work in excess of forty (40) hours per week but required any hours over forty (40) to be worked off the clock.

25. Defendant frequently required Plaintiff to work through meal breaks and after clocking out for the day without pay.

26. Defendant was aware that Plaintiff was working in excess of forty (40) hours per week.

27. Despite the fact that Plaintiff worked in excess of forty (40) hours in a workweek, Defendant failed to pay Plaintiff overtime as required by the FLSA and NJWHL.

**Disability Discrimination & Retaliation**

28. Plaintiff was diagnosed with cancer in 2012.

29. Plaintiff was required to undergo aggressive chemotherapy and radiation treatments from June 2012 through November 2012.

30. Plaintiff was out of work on long-term disability leave from May 2012 through February 2013 so that she could undergo treatments and subsequently recover.

31. Defendant UBS was aware of Plaintiff's cancer diagnosis.

32. Defendant UBS was aware that Plaintiff underwent chemotherapy to treat her cancer.

33. Plaintiff's chemotherapy caused her to lose all hair.

34. Plaintiff returned to work at UBS from short-term disability on or around February 28, 2013.

35. When Plaintiff returned to UBS following her chemotherapy, Plaintiff's hair had not yet regrown.

36. Immediately after Plaintiff returned from short-term disability, Plaintiff's manager Joanie Orrico ("Orrico") began treating Plaintiff differently.

37. In May 2013, Orrico derided Plaintiff for not knowing the answer to a question, and called Plaintiff "Chemo-brains."

38. Orrico continued to call Plaintiff "Chemo-brains" in response to Plaintiff's questions.

39. In May 2013, Plaintiff complained to Linda Hersha, Director of Employee Relations, about Orrico's discriminatory comments and behavior.

40. Upon information and belief, in UBS's investigation into Plaintiff's complaints, UBS did conclude that Orrico referred to Plaintiff as "Chemo-brains" on at least one occasion.

41. UBS did not conduct a meaningful investigation into Plaintiff's complaints.

42. After Plaintiff complained of discrimination, UBS began retaliating against Plaintiff.

43. After Plaintiff complained of discrimination, Orrico increased her harassment and discrimination of Plaintiff.

44. After Plaintiff complained of discrimination, UBS increased its harassment of Plaintiff including, but not limited to an increased workload, heightened scrutiny of Plaintiff's work, requiring Plaintiff to work even more unpaid overtime, and giving Plaintiff a poor performance review that focused on minor, inconsequential errors in her work.

45. Despite multiple requests from Plaintiff, Defendant refused to explain or further clarify which errors formed the basis for her negative evaluation, but Defendant admitted that the errors were minor.

46. In February 2014, Plaintiff complained to Human Resources about the continued harassment and retaliation she was experiencing.

47. Defendant did not investigate or in any way respond to Plaintiff's complaints of continued harassment and retaliation for more than one month after Plaintiff complained.

48. When Defendant did respond to Plaintiff's complaint, Defendant made only a cursory investigation into the matter.

49. Despite not having engaged in any meaningful investigation, Defendant dismissed Plaintiff's complaint of retaliation and further discrimination.

50. Defendant dismissed Plaintiff's complaint of retaliation and further discrimination despite Plaintiff having substantiated her claims.

51. Defendant dismissed Plaintiff's February 2014 complaint of harassment in further retaliation for her complaints of discrimination.

**Further Retaliation in Violation of NJLAD**

52. On or about November 10, 2014, Vincent Trippi informed Plaintiff that she was being terminated, effective November 12, 2014.

53. Defendant unlawfully terminated Plaintiff in retaliation for having complained of discrimination.

54. Defendant retained one or more similarly situated less-senior employees within Plaintiff's department.

55. Defendant retained one or more similarly situated less-qualified employees within Plaintiff's department.

56. On November 12, 2014, Plaintiff sent an email to Trippi addressing her concerns that she was being terminated in retaliation for having complained of discrimination.

57. In response to Plaintiff's concerns, Trippi made overt threats to Plaintiff.

58. Trippi's overt threats to Plaintiff included that Defendant UBS will interfere with Plaintiff's ability to secure subsequent employment if she continued pursuing her claims against Defendant.

59. Trippi made such threats in retaliation against Plaintiff for having complained of discrimination.

60. Trippi made such threats with the intention of intimidating Plaintiff from continuing to pursue her claims against Defendant.

61. Upon information and belief, Defendant failed to investigate into Plaintiff's concerns of retaliation.

62. Upon information and belief, Defendant failed to take any action reasonably calculated to remedy Plaintiff's concerns of retaliation.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT—OVERTIME WAGES**
**(Against All Defendants)**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant to this Complaint, Plaintiff was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

65. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

66. At all times relevant to this Complaint, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

67. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

68. Between February 2013 and December 2013, Plaintiff regularly worked in excess of forty (40) hours per week.

69. Defendant has failed to pay Plaintiff overtime wages for all hours worked in excess of 40 hours in a work week.

70. Section 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), states that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

71. No exception or exemptions to the provisions of Section 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), apply to Plaintiff.

72. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

73. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her overtime compensation, an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA and for their unreasonably delayed payment of wages, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### Violations of the NJWHL—Unpaid Wages
### (Against All Defendants)

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. At all times relevant to this Complaint Defendant was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

77. During the statute of limitations period covered by these claims, Plaintiff worked in hours for which she was not paid.

78. At all relevant times, Defendant has operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff the regular hourly rate for work done in her employment.

79. Defendant's failure to comply with the NJWHL caused Plaintiff to suffer loss of wages and interest thereon.

80. Due to Defendant's NJWHL violations, Plaintiff is entitled to recover from Defendants lost wages, including front pay and backpay, unpaid wages and interest owed on

unpaid wages held by Defendants over an extended period of time, as well as reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### NJWHL OVERTIME VIOLATIONS, N.J.S.A. § 34:11-56a, *et seq.*
### (Against All Defendants)

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     Between February 2013 and December 2013, Plaintiff regularly worked in excess of forty (40) hours per workweek.

83.     At all relevant times, Defendant operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times her regular rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

84.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required state law overtime rate for hours worked in excess of forty (40) hours per workweek.

85.     Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### (Violation of NJLAD, N.J.S.A. 10:5-1 *et seq*. – Disability Discrimination)
### (Against All Defendants)

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. At all times relevant to this complaint, Defendant UBS was and is an "employer" within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

88. At all times relevant to this Complaint, Plaintiff was "disabled" within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

89. Discrimination on the basis of disability is actionable under NJLAD.

90. As a disabled individual, Plaintiff belongs to the group protected by NJLAD.

91. Plaintiff was subjected to harassment and a hostile work environment based on her disability.

92. The harassment was sufficiently severe or pervasive to materially alter the terms and conditions of Plaintiff's employment and to create a discriminatorily abusive working environment.

93. At all times relevant to this Complaint, Defendant's discrimination against Plaintiff based on her disability substantially and materially altered Plaintiff's conditions of employment in ways that were adverse to Plaintiff.

94. Defendant discriminated against Plaintiff because of her disability by subjecting Plaintiff to harassment.

95. Defendant engaged in unlawful employment practices and unlawful discrimination as those term are defined by the NJLAD, N.J.S.A. 10:5-12.

96. These acts violate NJLAD and are illegal.

97. In taking the above described discriminatory actions, the Defendant acted with malice and reckless indifference to Plaintiff's rights pursuant to NJLAD giving rise to punitive damages.

98. As a direct and proximate result of Defendant's aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

**FIFTH CAUSE OF ACTION**
**(Retaliation Under NJLAD)**
**(Against All Defendants)**

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100. At various times during her employment with Defendant, Plaintiff raised complaints that Defendant was unlawfully discriminating against her on the basis of her disability.

101. Whenever Plaintiff raised these complaints Defendant failed to meaningfully investigate Plaintiff's complaints or take any action reasonably calculated to remedy the unlawful discrimination Plaintiff complained of. Instead Defendant UBS immediately responded by escalating its harassment of Plaintiff.

102. In retaliation for her complaints, Defendant gave Plaintiff a negative performance evaluation, increased Plaintiff's workload, subjected Plaintiff to heightened scrutiny, and forced Plaintiff to work unpaid overtime.

103. In retaliation for her complaints, Defendant unlawfully terminated Plaintiff.

104. In retaliation for her complaints, Defendant overtly threatened Plaintiff with the purpose of intimidating Plaintiff from continuing her litigation against Defendant.

105. Defendants' retaliatory acts following her complaints of unlawful discrimination are in direct violation of Plaintiff's rights under NJLAD, N.J.S.A. 10:5-12.

106. Plaintiff engaged in the protected activity of complaining to her employer regarding issues of unlawful discrimination on the basis of disability. A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

107. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

108. Plaintiff seeks relief as provided by the NJLAD, including, without limitation, backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of the NJLAD, including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

109. As Defendants' retaliatory actions, including but not limited to the retaliatory discharge of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered on her behalf in accordance with the above claimed causes of action and requests the following:

a. Compensatory damages, including but not limited to back pay, front pay, bonuses, incentive pay, stock options and all other benefits to which Plaintiff is entitled, including pension and profit-sharing benefits;

  b. Damages for all economic loss including medical expenses, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm;

  c. Punitive damages;

  d. Costs and disbursements of this suit, including reasonable attorney's fees;

  e. Pre-judgment interest; and

  f. Such other and further relief as this Court deems just and proper.

Dated: Park Ridge, New Jersey
    April 7, 2015

Respectfully submitted,

**KRAKOWER DICHAIRA LLC**

By:

  s/ Todd Krakower

  Todd J. Krakower

One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
201-746-0302
347-765-1600 (fax)

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.